# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Logistics Systems Incorporated )<br>1100 G Street, NW )<br>Suite 410 )<br>Washington, DC 20005 )<br>                                      )<br>        Plaintiff, )<br>                                      )<br>v. )<br>                                      )<br>Infinite Services & Solutions, Inc. )<br>Serve:  **1600 Parkwood Circle** )<br>         **Suite 400, Atlanta, GA, 30339-2119** )<br>                                     )<br>        Defendant. )<br>_____ ) | Case No.:_____ |

## **COMPLAINT**

COMES NOW Plaintiff, Logistics Systems Incorporated ("LSI"), by and through counsel, and hereby submits its Complaint against Defendant Infinite Services & Solutions, Inc. ("Defendant") as follows:

### PARTIES AND JURISDICTION

1. Plaintiff LSI is a corporation incorporated in the Commonwealth of Virginia, with its principal place of business in the District of Columbia.

2. Defendant is a corporation incorporated in the State of Georgia and, on information and belief, its current office is located at 2675 Paces Ferry Road, Suite 450, Atlanta, Georgia, 30339. Defendant is listed as an active corporation with the Georgia Corporations Division.

3. This Court has personal jurisdiction over Defendant because it actively transacted business with LSI within the District of Columbia including, but not limited to, entering into the subject subcontracts (and related services) that are the subject of this Complaint.

4. Original jurisdiction is proper in this Court under the provisions of 28 U.S.C. §1332 in that there is complete diversity of citizenship among the parties and the amount in dispute is in excess of $75,000.

5. Venue is proper in this Court under the provisions of 28 U.S.C. §1391 in that this is a judicial district that a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL COUNTS

6. In 2015, LSI and Defendant entered into several subcontract agreements for services to fulfil Defendant's obligations under certain Indefinite Delivery Indefinite Quality (IDIQ) contracts (the "Prime Contracts") with the federal government.

7. These subcontracts included, W9133L-15-C-0032/LSI (and all task orders related thereto) ("Subcontract 0032"), HTS01-15-F-AMT002/LSI (and all task orders related thereto) ("Subcontract 002"), and W9133L-15-C-0050/LSI (and all task orders related thereto) ("Subcontract 0050") (collectively the "Agreements").  Each of these subcontracts is attached hereto as Exhibits 1, 2, and 3, respectively, and each is herein fully incorporated by reference.

8. Per the terms of the Agreements, Defendant had an obligation to remit timely payment for the services performed by LSI.

9. Although there are invoices due and owing under each of the Agreements, Defendant has yet to make the delinquent payments.

## COUNT I: BREACH OF CONTRACT
(Subcontract W9133L-15-C-0032/LSI)

10. LSI realleges and incorporates by reference Paragraphs 1-9, inclusive, as though fully set forth herein.

11. On or about August 2015, LSI and Defendant entered into Subcontract 0032.

12. LSI complied fully with Subcontract 0032 and submitted invoices in accordance with Section VIII.

13. Subcontract 0032 provided that payments to LSI were to be net 10 days after payment by the Government for the applicable invoice period.

14. More than 10 days has passed and payment has been made by the Government to the Defendant for each applicable invoice period, yet Defendant has failed to make the required payments to LSI under Subcontract 0032.

15. At the time of filing, under Subcontract 0032, Defendant was delinquent in the amount of $239,015.34.

16. This debt is the collective amount of the invoices attached hereto as Exhibit 4 and each of which is fully incorporated by reference.

17. As a result of these delinquency, Defendant has breach Subcontract 0032 by failing to make timely payment.

18. LSI has sustained damages directly and proximately caused by Defendant's breach of Subcontract 0032.

19. The balance of the invoices plus interest is now outstanding and due and owing to LSI.

## COUNT II: BREACH OF CONTRACT
(Subcontract HTS01-15-F-AMT002/LSI)

20. LSI realleges and incorporates by reference Paragraphs 1-18, inclusive, as though fully set forth herein.

21. On or about February 2015, LSI and Defendant entered into Subcontract 002.

22. LSI complied fully with Subcontract 002 and submitted invoices in accordance with Section VIII.

23. Subcontract 002 provided that payments to LSI were to be net 10 days after payment by the Government for the applicable invoice period.

24. More than 10 days has passed and payment has been made by the Government to Defendant for each applicable invoice period, yet Defendant has failed to make the required payments to LSI under Subcontract 002.

25. At the time of filing, under Subcontract 002, Defendant was delinquent in the amount of $570,145.69.  This debt is the collective amount of the invoices attached hereto as Exhibit 5 and each of which is fully incorporated by reference.

26. As a result of these delinquency, Defendant has breach Subcontract 002 by failing to make timely payment.

27. LSI has sustained damages directly and proximately caused by Defendant's breach of Subcontract 002.

28. The balance of the invoices plus interest is now outstanding and due and owing to LSI.

## COUNT III: BREACH OF CONTRACT
(Subcontract W9133L-15-C-0050/LSI)

29. LSI realleges and incorporates by reference Paragraphs 1-28, inclusive, as though fully set forth herein.

30. On or about May 2016, LSI and Defendant entered into Subcontract W9133L-15-C-0050/LSI.

31. LSI complied fully with Subcontract 0050 and submitted invoices in accordance with Section VIII.

32. Subcontract 0050 provided that payments to LSI were to be net 10 days after payment by the Government for the applicable invoice period.

33. More than 10 days has passed and payment has been made by the Government to Defendant for each applicable invoice period, yet Defendant has failed to make the required payments to LSI under Subcontract 0050.

34. At the time of filing, under Subcontract 0050, Defendant was delinquent in the amount of $57,300.88.  This debt is the collective amount of the invoices attached hereto as Exhibit 6 and each of which is fully incorporated by reference.

35. As a result of these delinquency, Defendant has breach Subcontract 0050 by failing to make timely payment.

36. LSI has sustained damages directly and proximately caused by Defendants breach of Subcontract 0050.

37. The balance of the invoices plus interest is now outstanding and due and owing to LSI.

## IN THE ALTERNATIVE COUNT IV: UNJUST ENRICHMENT/QUANTUM MERUIT

38. LSI realleges and incorporates by reference Paragraphs 1-37, inclusive, as though fully set forth herein.

39. LSI conferred a benefit on Defendant by performing work under the Agreements, which was invoiced to the Government by Defendant.

40. At all times, Defendant appreciated and had knowledge of the benefits conferred on it by LSI.

41. Defendant retained the benefits conferred on it by LSI and used LSI's experience and assistance in performing the required tasks under the Prime Contract.

42. The circumstances of Defendant's failure to compensate LSI for the services accepted and received make it inequitable for Defendant to retain the benefits conferred on it without justly compensating LSI for the value received.

5

43.  The fair market value of the services received by Defendant is at least $57,300.88.

## PRAYER FOR RELIEF

**WHEREFORE,** with respect to the above stated counts Plaintiff Logistics Systems Incorporated requests the following relief:

44.  With respect to Count I, LSI prays that this Court grant judgment in its favor (1) in the amount of $239,015.34 or such amount as may be determined at trial, with prejudgment and post judgment interest and for such further relief as is just and appropriate.

45.  With respect to Count II, LSI prays that this Court grant judgment in its favor (1) in the amount of $570,145.69 or such amount as may be determined at trial, with prejudgment and post judgment interest and for such further relief as is just and appropriate.

46.  With respect to Count III, LSI prays that this Court grant judgment in its favor (1) in the amount of $57,300.88 or such amount as may be determined at trial, with prejudgment and post judgment interest and for such further relief as is just and appropriate.

47.  In the alternative, with respect to Count IV, LSI prays that this Court grant judgment in its favor (1) in the amount of $866,461.91 or such amount as may be determined at trial, with prejudgment and post judgment interest and for such further relief as is just and appropriate.

## PLAINTIFF HEREBY WAIVES ITS RIGHT TO A JURY TRIAL

September 29, 2017                Respectfully submitted,

**BAKER, CRONOGUE, TOLLE & WERFEL, LLP**

_____/s/_____
Ian Cronogue, Esq. (DC Bar: 1018169)
John R. Tolle, Esq (DC Bar: 311282)
1320 Old Chain Bridge Road
Suite 200
McLean, Virginia 22314
703.448.1810, Ext. 22

iancronogue@bbttlaw.com

*Counsel for Plaintiff, Logistics Systems Incorporated*